**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DONNY LEE CROOK,**

    **Plaintiff,**

vs.                                     **Case No. 4:19cv611-MW-MAF**

**SERGEANT HORTON,
and OFFICER ROBERSON,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

An Administrative Order has been entered, reassigning this case to the undersigned Magistrate Judge. ECF No. 16. The case number has changed as shown above and must now be included on all documents filed to reflect the change in judicial assignments.

The pro se Plaintiff initiated this case in December 2019, although his case initiating documents were filed in the United States District Court for the Southern District of Florida. The case was transferred to this Court on December 19, 2019, because the events at issue occurred at Wakulla Correctional Institution which is within the jurisdiction of the Northern District of Florida. ECF Nos. 1, 3-5. Notably, Plaintiff signed his complaint

on November 28, 2019, ECF No. 1 at 5, although it was not stamped "received" by the Southern District of Florida until December 17, 2019. *Id.* at 1.

After transfer, Plaintiff was eventually granted in forma pauperis status, ECF No. 11, and he was required to file an amended civil rights complaint. ECF No. 12. He did so on March 6, 2020, ECF No. 13, but the amended complaint was still insufficient to proceed. An Order was entered explaining the various deficiencies and, in particular, advising Plaintiff that he could not litigate events which took place on December 29, 2019, and early January 2020 because those events could not have been exhausted prior to case initiation. Doc.14 at 2.

Plaintiff has now filed a second amended complaint. ECF No. 15. Because Plaintiff is a state prisoner proceeding with in forma pauperis status, his second amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff is incarcerated at Wakulla Correctional Institution Annex; both Defendants are employed there. ECF No. 15 at 2-3. Plaintiff sues the Defendants in their official capacities only. *Id.* He asserts that Defendant Horton is trying to poison him and is using his orderlies to do so. *Id.* at 5.

Plaintiff alleged that just after Noon on December 28, 2019, he heard Defendant Horton and another officer talking about poisoning his food. ECF No. 15 at 6. Plaintiff claims that Defendant Horton told the officer that he "was not going to try anything" until Plaintiff was in the protective management unit. *Id.* Plaintiff said that on the following morning, he overheard one orderly tell another orderly that it was not "over," but he wanted everyone to think that it was. *Id.* Plaintiff claims that Defendant Horton has "the night shift" putting poison in his food through the orderlies. *Id.*

On January 12, 2020, Plaintiff contends that he overheard two orderlies discussing "that it still on," and because his food did not look "the same," Plaintiff refused the food tray. *Id.* at 5. Plaintiff alleges that the orderlies "have this stuff called strychnine poison, and" they work for Defendant Horton. *Id.*

As noted above, this case was initiated on December 17, 2019. ECF No. 1. The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). Courts lack "discretion to waive the exhaustion requirement." Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 1824, 149 L. Ed. 2d 958 (2001) (noting that the PLRA eliminated "the discretion to dispense with administrative exhaustion"); Alexander, 159 F.3d at 1325. Furthermore, "a court may not excuse a failure to exhaust, even to take" extenuating circumstances into account. Ross v. Blake, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016).

"Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).[1] A prisoner must also comply with the process

---

[1] The Court rejected the Sixth Circuit's view that § 1997e(a) "imposes a 'name all defendants' requirement." Jones, 549 U.S. at 217-219, 127 S. Ct. at 922-923.

set forth and established by the grievance procedures. <u>Miller v. Tanner</u>, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

    Plaintiff's second amended complaint presents factual allegations which concern events on December 28-29, 2019 and early January 2020. Yet as noted above, this case was filed in mid-December 2019. Plaintiff acknowledged in his second amended complaint that he submitted an informal grievance on or about January 8, 2020, but it was denied. ECF No. 15 at 6. He does not indicate he completed all three steps of the grievance process. Moreover, that initial step of the three-part grievance process occurred *after* this case was initiated. Because § 1997e(a) requires that "[n]o action shall be brought with respect to prison conditions . . . *until* such administrative remedies as are available are exhausted," it is not enough to exhaust such remedies *after* filing a lawsuit or during the pendency of the case.

The Supreme Court held in Jones v. Bock that exhaustion is not a pleading rule that falls upon a prisoner to demonstrate in the complaint; rather, it is an affirmative defense.  549 U.S. at 211-212, 127 S.Ct. at 919.  Courts generally should not depart from the usual practice of treating exhaustion as an affirmative defense.  Jones, *Id.* at 212, 127 S.Ct. at 919.  Yet when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B).  *Id.*; *see also* Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where "the allegations in the complaint, coupled with the numerous and various exhibits attached thereto, presented an adequate factual record and made clear that those claims had not been exhausted").  Here, Plaintiff makes clear within his second amended complaint that he did not exhaust his available administrative remedies *prior* to case initiation.  Accordingly, it

is appropriate to dismiss this case without prejudice to Plaintiff's refiling after exhausting administrative remedies.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 15, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted[2] pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal for failure to exhaust remedies is counted as a strike under § 1915(g)), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)); *see also* Wright v. Mims, No. 113-CV-845-TWT, 2013 WL 4013163, at *2 (N.D. Ga. Aug. 5, 2013) (finding that dismissal "for failure to exhaust other remedies counts as a strike under § 1915(g)") (citing Thomas v. Parker, 672 F.3d 1182, 1183-84 (10th Cir. 2012) (agreeing that a strike is properly assessed when "the plaintiff's claims are dismissed in part for failure to state a claim and in part for failure to exhaust administrative remedies, and no claims are allowed to proceed on the merits"). An unexhausted claim is not a claim upon which relief may be granted and, thus, dismissal under § 1915(e)(2)(B)(ii) is appropriate.

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**